O

<mark>CLOSED</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 10-03162 DDP (SSx) |
| Plaintiff, | ) | **ORDER DENYING EX PARTE APPLICATION TO REOPEN CASE AND SET ASIDE ENTRY OF DEFAULT** |
| v. | ) | |
| ONE DINOSAUR EGG COLLECTION EMBEDDED IN STONE AND ONE DINOSAUR EMBRYO SKULL, | ) | [Motion filed on December 13, 2010] |
| Defendant. | ) | |

Presently before the court is Claimant Robert DePalma's ex parte application to reopen the case and to set aside the court's entry of default judgment.

Rule 55(c) provides the standards for determining whether relief from a default entry or default judgment should be granted. It states that an entry of default may be set aside "[f]or good cause shown." Fed. R. Civ. P. 55(c). But when default judgment has been entered, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under the following specific conditions:

1       (1) mistake, inadvertence, surprise, or excusable neglect;

2       (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

3       move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or

4       extrinsic), misrepresentation, or misconduct by an opposing party;

5       (4) the judgment is void;

      (5) the judgment has been satisfied, released or

6       discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively

7       is no longer equitable; or

      (6) any other reason that justifies relief.

8

9 Fed. R. Civ. P. Rule 60(b); see also O'Connor v. Nevada, 27 F.3d

10 357, 364 (9th Cir. 1994).

11     Here, DePalma argues that he was misled by Plaintiff when

12 Plaintiff assured DePalma that Plaintiff was interested in

13 resolving the issue of the Dinosaur eggs without litigation. (Ex

14 Parte Motion ¶ 7.)  DePalma further argues that Plaintiff failed to

15 commence its lawsuit for possession of the eggs "in a prompt and

16 reasonable manner" and caused various delays thereby denying

17 DePalma due process.  (Id. ¶¶ 9, 13, 14, 15, 19, 20.)  DePalama

18 also argues that his age, financial constraints, and poor health

19 affected his ability to timely appear.  (Id. ¶¶ 22-27.)  In sum,

20 DePalma argues that his default was "not willful, but the result of

21 excusable neglect."  (Id. ¶ 30.)

22     The standard for setting aside entry of default judgment under

23 Rule 60(b) is a rigorous one.  Here, the court finds that

24 insufficient good cause has been presented to satisfy the court

25 that relief from default judgment is warranted in this instance.

26 DePalma was in continuous contact with the Plaintiff, appraised of

27 all the court dates and appearance deadlines, and failed to timely

28 appear and object to the entry of default, and, thereafter, the

entry of default judgment.  The court is not satisfied that DePalma's failure to timely pursue his alleged claim was the result of mistake, inadvertence, surprise, or excusable neglect.  For the foregoing reasons, DePalma's _ex parte_ application is DENIED.


IT IS SO ORDERED.



Dated: January 18, 2011

DEAN D. PREGERSON
United States District Judge